## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ANTHONY C. HILL, | : Case No. 1:25-cv-54 |
| Plaintiff, | : |
| vs. | : District Judge Jeffery P. Hopkins |
| | : Magistrate Judge Stephanie K. Bowman |
| JUDGE ALLEN C. TRIGGS, et al., | : |
| | : **REPORT AND** |
| Defendants. | : **RECOMMENDATION** |

Plaintiff has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. As defendants, plaintiff names Judge Allen C. Triggs, Prosecutor Zach John Kessler, and the Hamilton County Sheriff's Office. (Doc. 1-1, Complaint at PageID 4, 11).

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this action in connection with his state-court criminal proceedings in the Hamilton County Court of Common Pleas, Case No. B2302726. (Doc. 1-1, Complaint at PageID 4). Plaintiff asserts that defendants—Judge Triggs, Prosecutor Kessler, and the Hamilton County Sheriff's Office—violated his constitutional rights by subjecting him to excessive bond. (*Id.* at PageID 5). Without any factual elaboration, the complaint lists other claims against defendants, including alleged Failure to Respond, Violation of UCC Laws, Fee Schedule Violations,

3

Violations Related to Discovery and Due Process, Violations of the Constitution and Oath of Office, Financial and Trade Name Violations, Kidnapping and False Imprisonment, Administrative Failures, and Additional Violations. (*Id.* at PageID 5-8).

As relief, plaintiff seeks immediate release and monetary damages. (*Id.* at PageID 8).

### C. Analysis

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, to the extent that petitioner challenges his bond or seeks immediate release (*see* Doc. 1-1, Complaint at PageID 8), the proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."); *Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 2154680, at *2 (S.D. Ohio Feb. 22, 2023) (dismissing an excessive bail claim without prejudice, noting that the claim the plaintiff "may press that claim in habeas but not through § 1983"). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Plaintiff's section 1983 claims are otherwise subject to dismissal. As noted above, plaintiff names Judge Triggs and Prosecutor Kessler in connection with his pending state-court criminal case. (*See* Doc. 1-1, Complaint at PageID 4). For example, plaintiff asserts that these defendants failed to adhere to proper legal procedures, failed to honor constitutional rights, failed to follow federal and state statutes, committed fraud upon the court, and failed to provide discovery, amongst other listed claims. (*See id.* at PageID 5-8).

As to the defendant Judge Triggs, plaintiff's section 1983 claims must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that the defendant judge presided over a matter in which he was without subject matter jurisdiction or performed non-judicial acts.

Plaintiff's section 1983 claims against defendant prosecutor Kessler must also be dismissed. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional

functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendant Hamilton County Sheriff's Office. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or county sheriff's office is not a "person" within the meaning of § 1983. *See*, *e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983). Even if the Court were to liberally construe the complaint as against Hamilton County itself, plaintiff has failed to adequately plead that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint against the Hamilton County Sheriff's Office should be dismissed.

The remainder of the claims asserted in the complaint should also be dismissed. Although plaintiff lists a number of alleged violations under the Uniform Commercial Code and federal law,

6

including the Lanham Act, admiralty and maritime law, the Postal Accountability and Enhancement Act, Public Vessels Act, False Claims Act, Foreign Sovereign Immunities Act, and Geneva Conventions (Doc. 1-1, Complaint at PageID 7-8), plaintiff does not specify what defendants did or failed to do that he claims resulted in a violation of his rights. Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5.

Accordingly, in sum, because plaintiff has failed to state an actionable claim against the named defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).